IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KWIK TEK INC., a Colorado corporation,

    Plaintiff,

v.

NASH MANUFACTURING INC., a Texas corporation,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KWIK TEK INC. ("Kwik Tek") complains of Defendant NASH MANUFACTURING INC. ("DEFENDANT") and alleges as follows:

### JURISDICTION

1. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code, and in particular, 35 U.S.C. § 271, et seq. Jurisdiction is based on 28 U.S.C. § 1338(a). The patent infringement alleged has been and is now being carried out throughout the United States and on information and belief within the District of Colorado as well.

2. This is also an action for preliminary and permanent injunctive relief and monetary damages under the Trademark Act of 1946, as amended, 15 U.S.C.§§ 1051, et seq. {hereinafter the "Trademark Act"], the Colorado Consumer Protection Act, Colo.Rev.Stat. §§ 6-1-102 et seq., and common law. Jurisdiction of this Court is conferred by 15 U.S.C. §§1116, 1121 and 1125(a) and 28 U.S.C. §§1331 and 1338.

## THE PATENT-IN-SUIT

3.     The patent-in-suit is United States Design Patent No. D720,030 which is referred to herein as the "'030 Design Patent". The '030 Design Patent was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO") on December 23, 2014 listing Leroy L. Peterson (Peterson) as the inventor and a true and accurate copy of the '030 Design Patent as issued by the USPTO on said date is attached hereto as Exhibit A.

4.     In February of 2009, inventor Peterson assigned his entire right, title and interest in and to U.S. patent application Serial No. 12/180,596 (the '596 application) to Sportsstuff, Inc. In March of 2010, plaintiff Kwik Tek acquired the '596 application from Sportsstuff, Inc. On May 30, 2014, Kwik Tek filed a design patent application as a continuation of the '596 application and on December 23, 2014 the '030 Design Patent issued from this design patent application.

5.     By virtue of the aforesaid, Kwik Tek has the right to sue for infringement of the '030 Design Patent.

6.     The '030 Design Patent is entitled "Low Drag Aquatic Towing System" and covers a novel ornamental design for a low drag aquatic towing system which connects a towable such as a tube to a power boat for towing the tube and is used in the water sport commonly known as tubing.

## THE PARTIES

7.     Plaintiff Kwik Tek is a corporation organized under the laws of the State of Colorado with an established place of business at 12000 E. 45th Ave., Unit 104, Denver, Colorado 80239.

8.      On information and belief, Defendant NASH MANUFACTURING INC., ("DEFENDANT") is a corporation organized under the laws of the State of Texas which does business under the name NASH SPORTS at 315 West Ripy Street, Fort Worth, Texas 76110. Upon information and belief, DEFENDANT is currently doing business in Colorado, through, among other things, its distribution and sale of water sports products including the alleged infringing product to retailers and consumers in Colorado directly and through its web site nashmfg.com.

**BACKGROUND**

9.      Plaintiff Kwik Tek has expended considerable money obtaining the '030 Design Patent which as indicated above issued from the '596 patent application.  In addition, Kwik Tek has expended considerable time, effort and money commercializing its low drag aquatic towing system product which is covered by the '030 Design Patent and sold under the marks BOOSTER, SPORTSSTUFF BOOSTER BALL (BOOSTER BALL) and AIRHEAD BOB (BOB). (See Exhibit B)  Kwik Tek's commercialization efforts have included the promotion of its BOOSTER BALL and BOB products in its annual Buyers Guide and at trade shows every year since 2010 and 2012, respectively.  These trade shows include the Surf Expo in Orlando, Florida; the Lorenz and Jones Show in Altoona, Iowa; the Land N Sea Show in Las Vegas; and the Donovan Marine Show in New Orleans, LA.

10.     Kwik Tek has also marked its BOOSTER BALL and BOB products "patent pending" since 2010 and 2012, respectively.

11.     On information and belief, DEFENDANT NASH has also had booths of its own at these trade shows and undoubtedly has seen Kwik Tek's BOOSTER BALL and BOB products at these shows and noticed the "patent pending" markings on the products.   Notwithstanding this

knowledge, DEFENDANT NASH introduced its infringing Arsenal Power Ball product (ACCUSED PRODUCT) (see Exhibit C) in 2011 in complete disregard of Kwik Tek's rights.

12. Kwik Tek's BOOSTER BALL and BOB products have also been marked with the proper patent notice in accordance with 35 U.S.C. § 287 since it issued in 2014. Such marking constitutes constructive notice to DEFENDANT of the '030 Design Patent.

13. In addition, in an attempt to resolve this infringement matter with DEFENDANT without entering into litigation, in early January, 2015 Kwik Tek's president Aaron Kramer advised Defendant's president Keith Parten that Defendant's Arsenal Power Ball product (ACCUSED PRODUCT) infringes the '030 Design Patent. After a few emails were exchanged Mr. Parten arrogantly responded to Mr. Kramer by email as follows: **We do not infringe in any way. If you want to call and discuss with my attorney the cost of the conversation will be yours.** (See Exhibit D)

14. DEFENDANT's sale and/or offer to sell its Arsenal Power Ball product (ACCUSED PRODUCT) infringes the '030 Design Patent and induces infringement of the '030 Design Patent as well.

15. On information and belief, DEFENDANT manufactures its ACCUSED PRODUCT in China and imports the said ACCUSED PRODUCT into the United States from China, the importation of which also infringes the '030 Design Patent and induces infringement of the '030 Design Patent.

16. In addition, on information and belief, DEFENDANT continues to offer to sell and/or sell and/or import the ACCUSED PRODUCT in the United States notwithstanding having been advised that the ACCUSED PRODUCT infringes the '030 Design Patent. Such conduct of DEFENDANT with knowledge of the '030 Design Patent constitutes a willful and

wanton disregard of Kwik Tek's rights. Such conduct also constitutes willful and wanton infringement, entitling Kwik Tek to increased damages under 35 U.S.C. § 284. Further, this is an exceptional case entitling Kwik Tek to recover its reasonable attorneys' fees under 35 U.S.C. § 285.

17. In addition, Kwik Tek has recently discovered that DEFENDANT has been advertising and promoting its Arsenal Power Ball product as a **Booster Ball** (See Ex. C) which is in violation of Kwik Tek's rights in the marks Booster Ball and Booster. This conduct by DEFENDANT is an obvious attempt to divert sales from Kwik Tek and palm off of the goodwill Kwik Tek has generated through its use of the Booster Ball and Booster marks on its BOOSTER BALL and BOB products. On information and belief, Defendant's use of the Booster Ball and Booster marks has also caused and is likely to cause confusion, mistake, and deception among consumers. Such conduct constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

18. To protect its rights in the Booster mark, Kwik Tek has filed a trademark application with the USPTO to register its Booster mark. (See Exhibit E)

19. All conditions precedent to the bringing of this action have been performed or have occurred.

### FIRST CLAIM FOR RELIEF
### Direct Patent Infringement by Defendant
### 35 U.S.C. § 271(a)

20. Kwik Tek incorporates the allegations of paragraphs 1 through 19 by reference, the same as if fully set forth herein.

21. 35 U.S.C. § 271(a) states that:

> Whoever without authority makes, uses, offers to sell or sells any patented invention, within the United

> States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

22. By its unauthorized manufacture, use, offer to sell, sale or importation of the ACCUSED PRODUCT, DEFENDANT has directly infringed, and on information and belief continues to infringe, the '030 Design Patent and has thereby damaged Kwik Tek.

23. DEFENDANT has had knowledge of the '030 Design Patent for some time now and either knew or should have known that its sale of the ACCUSED PRODUCT infringed the '030 Design Patent, and induced others to infringe the '030 Design Patent. DEFENDANT has therefore acted willfully and wantonly in disregard of Kwik Tek' rights. Such conduct constitutes willful and wanton infringement, and Kwik Tek is thereby entitled to increased damages under 35 U.S.C. §284. Further, this is an exceptional case entitling Kwik Tek to recover its reasonable attorneys' fees under 35 U.S.C. §285.

24. Kwik Tek has been and will continue to be severely damaged by DEFENDANT's unlawful infringement. Unless such infringement is abated and enjoined by this Court, Kwik Tek will suffer irreparable damage.

**SECOND CLAIM FOR RELIEF**
**Inducing Infringement by Defendant**
**35 U.S.C. § 271(b)**

25. Kwik Tek incorporates the allegations of paragraphs 1 through 24 by reference, the same as if fully set forth herein.

26. 35 U.S.C. § 271(b) states that:

> Whoever actively induces infringement of a patent shall be liable as an infringer.

27.     By its unauthorized sale of the ACCUSED PRODUCT, DEFENDANT, with full knowledge of the '030 Design Patent, has induced, encouraged, aided, and abetted others to infringe the '030 Design Patent and has thereby induced infringement of the '030 Design Patent, all to the damage of Kwik Tek.

28.     Upon information and belief, DEFENDANT has induced infringement willfully and wantonly and with full knowledge of the harm to Kwik Tek and Kwik Tek' rights; and therefore Kwik Tek is entitled to increased damages under 35 U.S.C. §284.  In addition, this is an exceptional case entitling Kwik Tek to recover its attorneys' fees under 35 U.S.C. §285.

29.     Kwik Tek has been and will continue to be severely damaged by DEFENDANT's unlawful infringement.  Unless such infringement is abated and enjoined by this Court, Kwik Tek will suffer irreparable damage.

**THIRD CLAIM FOR RELIEF**
**Unfair Competition under Lanham Act, 15 U.S.C. § 1125(a) and**
**Deceptive Trade Practices, Colorado Consumer Protection Act, Colo.Rev.Stats. § 6-1-105**

30.     Kwik Tek incorporates the allegations of paragraphs 1 through 29 by reference, the same as if fully set forth herein.

31.     DEFENDANT'S use of Kwik Tek's Booster Ball and Booster marks to promote, market, or sell its Arsenal Power Ball product in direct competition with Kwik Tek's products constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

32.     DEFENDANT'S use of the Booster Ball and Booster marks has undoubtedly caused and is likely to cause confusion, mistake, and deception among consumers.

33.     DEFENDANT, by its use of Booster Ball, as aforesaid, has made misleading representations of fact and/or has made false designations of origin, which are likely to cause

confusion, mistake, or to deceive, as to the affiliation, connection, and/or association of DEFENDANT, its business and/or product with Kwik Tek, its business, and its BOOSTER BALL and BOB products, and/or as to the origin, sponsorship, and/or approval of DEFENDANT'S business and product.

34. DEFENDANT'S advertising and promotion of its Arsenal Power Ball product as a "Booster Ball" as aforesaid which is confusingly similar to Kwik Tek's Booster Ball and Booster marks misrepresents the nature, characteristics and/or qualities of DEFENDANT'S product and business.

35. DEFENDANT, by its use of "Booster Ball" as aforesaid, which is a colorable imitation of Kwik Tek's Booster Ball and Booster marks, has passed off its business, and product as those of another, to wit, Kwik Tek's business and BOOSTER BALL and BOB products.

36. On information and belief, the acts of DEFENDANT as aforesaid in making false and misleading representation and designations, and passing off their product as that of another, are undertaken knowingly by DEFENDANT, and with the intent to trade off of Kwik Tek, its goodwill, representation, advertising and/or BOOSTER BALL and BOB products.

37. By reason of their acts as aforesaid, DEFENDANT has violated Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), and has committed unfair and deceptive trade practices, in violation of the Colorado Consumer Protection Act, Colo.Rev.Stats. § 6-1-105.

38. Kwik Tek has and will continue to suffer irreparable harm and damage as a result of the false and misleading representation and designations, and deceptive and unlawful trade practices, of DEFENDANT, in an amount not as yet ascertainable, thereby entitling Kwik Tek to recover its actual damages and costs, as well as DEFENDANT's profits, pursuant to 15 U.S.C.

§1117(a), and entitling Kwik Tek to recover up to treble its actual damages, and its costs and attorney fees, pursuant to Colo.Rev.Stat. § 6-1-113.

39. The false representations, designations and deceptive trade practices of defendants, as aforesaid, are willful, wanton and without any claim of right, thereby entitling Kwik Tek to treble the amount of damages suffered, and render this an exceptional case entitling Kwik Tek to recover his attorney fees, pursuant to 15 U.S.C. §1117.

40. On information and belief, DEFENDANT will continue its false and misleading representations and designations and unfair and deceptive acts, as aforesaid, unless enjoined by this Court from so doing.

**WHEREFORE**, Kwik Tek prays for judgment against DEFENDANT and in favor of Kwik Tek ordering, adjudging and declaring that:

1. Jurisdiction is present and venue is proper;

2. The '030 Design Patent is good and valid in law;

3. DEFENDANT is liable for infringement of the '030 Design Patent;

4. An accounting be had to determine the damages adequate to compensate Kwik Tek for the aforesaid infringement and that judgment in favor of Kwik Tek be thereupon entered against DEFENDANT, together with prejudgment interest;

5. The acts of infringement of DEFENDANT have been deliberate, willful, and wanton entitling Kwik Tek pursuant to 35 U.S.C. § 284 to increased damages of three times the amount found or assessed;

6. A preliminary and permanent injunction be issued enjoining DEFENDANT, its privies, and those in active consort therewith from further acts of infringement of the '030

Design Patent and from aiding, abetting, or inducing or in any way contributing to the infringement of said patent;

      7.      The instant case is an exceptional case and that Kwik Tek be awarded its costs, expert witness fees, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

      8.      DEFENDANT's entire inventory of ACCUSED PRODUCT be delivered for destruction including the Arsenal Power Ball product and all packaging for the product as well as any reproductions, counterfeit copies, or colorable imitations thereof including all plates, molds, dies, matrices and other means of making the infringing product and its packaging as described herein;

      9.      DEFENDANT is liable for false designation and representation of origin in violation of 15 U.S.C. §1125(a); and for unfair and deceptive trade practices, in violation of Colo.Rev.Stat. § 6-1-105.

      10.      An injunction issue enjoining DEFENDANT, its respective agents, servants, employees, representatives, and all of those acting in concert or participation with any of them who receive actual notice of such injunction from:

      (1)      using in any manner, in whole or in part, the marks "Booster and Booster Ball", or any colorable imitation thereof, including, but not limited to in connection with any sporting goods business, product or service or similar or related business, product or service;

      (2)      falsely representing and/or passing off the business, goods and services of said DEFENDANT as being connected with Kwik Tek, its business and/or products, or engaging in any act which is likely to cause the trade or public in general, to believe that said DEFENDANT and/or its products or business with which it is connected, is in any way affiliated, associated, or connected with Kwik Tek or sponsored by Kwik Tek, its business

and/or products.

    (3) seeking to register with any federal, state or local agency or authority, any trade dress or trademark which is a colorable imitation of Kwik Tek's "Booster or Booster Ball" marks.

  11. DEFENDANT cancel any federal or state trademark, trade name or trade dress registrations for or including any "Booster or Booster Ball" mark which is a colorable imitation of Kwik Tek's "Booster or Booster Ball" marks.

  12. Kwik Tek be awarded its actual damages caused by DEFENDANT'S false designation and representation of origin and deceptive trade practices, including Kwik Tek's actual damages and any sum above that amount as the Court may find just according to the circumstances of the case, as well as DEFENDANT'S profits realized by reason of DEFENDANT's unlawful acts as aforesaid.

  13. Kwik Tek be awarded treble the amount of its actual damages for DEFENDANT'S willful and wanton conduct.

  14. Kwik Tek be awarded his costs and attorneys' fees in bringing and maintaining this lawsuit.

  15. Kwik Tek be granted such other and further relief as the Court may deem just and equitable.

                 **A JURY TRIAL IS REQUESTED.**

DATED this __22nd__ day of January, 2015.

                 *s/ Brian D. Smith*
                 Brian D. Smith, Esq.
                 BRIAN D. SMITH, P.C.
                 4100 E. Mississippi Ave., Suite 1600
                 Denver, Colorado 80246

(303) 523-0900

**ATTORNEYS FOR PLAINTIFF KWIK TEK INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 22, 2015, I electronically filed the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

                                                              */s/ Brian D. Smith*